IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PIERRE ABARCA,

                           Plaintiff,

v.                                                         ORDER

NANCY A. BERRYHILL,                         16-cv-459-jdp

                         Defendant.

---

On January 13, 2017, the court reversed and remanded the Commissioner's decision denying plaintiff Pierre Abarca's application for disability benefits. Dkt. 12. The court awarded plaintiff's attorney fees in the amount of $5,358 under the Equal Access to Justice Act (AEJA), 28 U.S.C. § 2412. Dkt. 15. On remand, the Administration awarded plaintiff $52,105 in past-due benefits for himself and his two children.

Now plaintiff's attorney petitions the court for a representative fee award of $13,026 under 42 U.S.C. § 406(b). Plaintiff signed a contingent fee contract and agreed to pay his attorney "twenty-five percent (25%) of the past-due benefits" awarded to him and his family. Dkt. 17-2, at 1. Usually, the Administration withholds 25 percent of past-due benefits for potential payment of fees under § 406(b). This time, it didn't, because plaintiff's attorney indicated that he would be paid by a third-party entity or government agency and waived his right to collect fees from plaintiff. *See* Dkt. 22-1. But the Commissioner has indicated that she does not oppose the award, provided that plaintiff's attorney collects the fee directly from plaintiff. *See* Dkt. 22.

Under § 406(b), the court may award a claimant's attorney a representative fee for his or her work before the court. This section of the Social Security Act provides that "a prevailing

claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002). Plaintiff's attorney must demonstrate that within the 25 percent cap, the requested fee is reasonable. *Id.* at 807, 809; *see also McGuire v. Sullivan*, 873 F.2d 974, 980 (7th Cir. 1989) ("A court may award a fee up to that provided in the contract so long as the court has reviewed its reasonableness.").

This court usually looks to the amount of time a plaintiff's attorney spent litigating the case before this court when evaluating a representative fee for reasonableness. *See Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005) ("In determining what is a reasonable fee, the court should consider: the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases." (citing *McGuire*, 873 F.2d at 979, 983)). Here, plaintiff's attorney does not explain how much time he spent on the case, so the court cannot evaluate the fee for reasonableness. And this is not the rare case in which the requested fee is clearly reasonable in light of the work performed before the court. Plaintiff's attorney submitted a brief in support of his motion for summary judgment, prompting the Commissioner to stipulate to remand. And plaintiff's attorney obtained favorable results for his client. But it is not clear that the requested fee is proportional to the amount of time and effort that plaintiff's attorney put into the case before this court.

So the court will deny the petition for the requested attorney fee without prejudice. Should plaintiff's attorney wish to obtain a representative fee award under § 406(b), he may renew his petition. He must support his renewed petition with admissible evidence of the number of hours his team spent litigating plaintiff's case before this court. He must also explain

why he previously indicated that he would be paid by a third-party entity or government agency and waived his right to collect fees from plaintiff.

ORDER

IT IS ORDERED that plaintiff's attorney's petition for attorney fees under § 406(b), Dkt. 17, is DENIED without prejudice.

Entered September 20, 2017.

BY THE COURT:
/s/

_____
JAMES D. PETERSON
District Judge