IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PIERRE ABARCA,

                Plaintiff,

v.

NANCY A. BERRYHILL,

                Defendant.

ORDER

16-cv-459-jdp

---

On January 13, 2017, the court reversed and remanded the Commissioner's decision denying plaintiff Pierre Abarca's application for disability benefits. Dkt. 12. The court awarded plaintiff's attorney fees in the amount of $5,358 under the Equal Access to Justice Act (AEJA), 28 U.S.C. § 2412. Dkt. 15. On remand, the Administration awarded plaintiff $52,105 in past-due benefits for himself and his two children. Plaintiff's attorney petitioned the court for a representative fee award of $13,026 under 42 U.S.C. § 406(b). Dkt. 17. Because plaintiff's attorney failed to explain how much time he spent on the case, the court could not evaluate the representative fee for reasonableness, so it denied the petition without prejudice. Dkt. 23.

Now plaintiff's attorney renews his petition. Dkt. 24. Before evaluating the reasonableness of the requested fee, the court will address an inconsistency in this case. Usually, the Administration withholds 25 percent of past-due benefits for potential payment of fees under § 406(b). This time, it didn't, because plaintiff's attorney indicated that he would be paid by a third-party entity or government agency and waived his right to collect fees from plaintiff. *See* Dkt. 22-1. And yet now, plaintiff's attorney attempts to collect fees from plaintiff. Plaintiff's attorney explains that a third party, plaintiff's long-term disability insurance carrier, paid for representation at the administrative level, but plaintiff agreed to pay his attorney

directly for work performed at the district court level. *See* Dkt. 24-1, at 2–3 ("I understand that the Social Security Administration will hold out 25% of the past-due benefits and send the approved fee to my attorney. If Social Security fails to withhold this fee, I will pay the approved fee from the money I have received. . . . I acknowledge that I will owe a fee under this contract even if the fee for representation at the administrative level is paid by a third party."). So the court will review the representative fee for reasonableness, as required by § 406(b). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807, 809 (2002).

When evaluating a representative fee for reasonableness, "the court may consider the character of the representation and the results obtained, reducing an award if . . . the fee is so large in comparison to the amount of time counsel spent on the case such that the fee would constitute a windfall to the attorney." *Koester v. Astrue*, 482 F. Supp. 2d 1078, 1081 (E.D. Wis. 2007) (citing *Gisbrecht*, 535 U.S. at 808). "In determining what is a reasonable fee, the court should consider: the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases." *Hodges-Williams v. Barnhart*, 400 F. Supp. 2d 1093, 1099 (N.D. Ill. 2005) (citing *McGuire v. Sullivan*, 873 F.2d 974, 979, 983 (7th Cir. 1989)).

Here, plaintiff's attorney represents that he spent 28.2 hours litigating plaintiff's case before this court. Plaintiff's attorney briefed a motion for summary judgment, prompting the Commissioner to stipulate to remand. And plaintiff's attorney obtained favorable results for his client.

The court notes that the contingency fee here is equivalent to an attorney compensation rate of approximately $462 per hour ($13,026 for 28.2 hours of work). But the court will not discount the fee just because it will compensate plaintiff's attorney at a higher than usual hourly

rate. Contingent fee agreements often reflect larger hourly rates; contingent fee agreements account for the attorney's risk of non-recovery, and awarding the fee consistent with the parties' agreement incentivizes attorneys to represent social security claimants. "If courts regularly invalidated reasonable contingency agreements in favor of a lodestar fee, then attorneys would no longer enter into such agreements." *McGuire*, 873 F.2d at 980. For these reasons, district courts across the country have awarded representative fees that reflect varying hourly rates, including $446, $625, $636, and $1,500. *Koester*, 482 F. Supp. 2d at 1083 (collecting cases). Because plaintiff's attorney obtained favorable results for his client, and because the contingent fee agreement supports the requested award, the court will grant the unopposed petition for the requested attorney fee. *See Kopulos v. Barnhart*, 318 F. Supp. 2d 657, 669 (N.D. Ill. 2004) (awarding the requested representative fee because "it is consistent with the Contract entered into between Petitioner and Plaintiff, it is consistent with the 25% statutory cap for SSA fees, and the Commissioner has no objection to the amount of the SSA award").

One final note. As plaintiff's attorney acknowledges, this award requires plaintiff's attorney to return the previously awarded $5,358 EAJA fee award to plaintiff. When an attorney receives fees for the same work under both § 406(b) and the EAJA, the attorney must return the smaller fee to plaintiff; the EAJA fee award "offsets" the § 406(b) award. *Gisbrecht*, 535 U.S. at 796 ("Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (quoting Act of Aug. 5, 1985, Pub. L. 99-80, § 3, 99 Stat. 186)).

ORDER

IT IS ORDERED that plaintiff's attorney's renewed petition for attorney fees under § 406(b), Dkt. 24, is GRANTED. The court approves the representative fee award of $13,026, less the previously awarded EAJA fee of $5,358, for a new amount owed of $7,668.

Entered October 24, 2017.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge